```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE  NO.  07-14329-CIV-MOORE
                              MAGISTRATE JUDGE P.A. WHITE

DAVID J. BELL, JR.,           :

     Plaintiff,               :

v.                            :     PRELIMINARY REPORT
                                    OF MAGISTRATE JUDGE
                              :
DR. HARIDAS BHADJA,
                              :
         Defendant.
_____
```

## I. Introduction

This Cause is before the Court upon the plaintiff David J. Bell's civil rights complaint. [DE# 1]. The plaintiff is proceeding in forma pauperis. [DE# 4].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

> \* \* \*
>
> (B) the action or appeal -
>
> \* \* \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).  An action is considered "frivolous" if it is "without arguable merit either in law or fact."  Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  See Fed.R.Civ.P. 8(a); Roe v. Aware Woman Ctr. for Choice, Inc.  , 253 F.3d 678, 683 (11 Cir. 2001), cert. denied, 534 U.S. 1129 (2002). While notice pleading does not require the complainant to allege a fact to cover every element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (quotations and citations omitted). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11 Cir. 1998).

The plaintiff raises the following allegations. On July 1, 2005, the plaintiff severely injured his leg and ankle while playing basketball. He was taken to the infirmary, and medical personnel telephoned Dr. Bhadja, the medical director, at home and informed him that the plaintiff was severely injured and informed him that the plaintiff's bone was protruding through his skin. Dr. Bhadja told the medical personnel to keep him in the infirmary until he was scheduled to return on July 4, 2005, not to take him to a hospital. The medical personnel kept the plaintiff in the infirmary and gave him pain medication. On July 3, 2005, an officer (Butler) came into the infirmary and saw that the plaintiff

3

was severely injured and so informed the warden, who ordered that the plaintiff immediately be taken to a hospital. The plaintiff was treated, then transferred to SFRC to await surgery. The plaintiff underwent surgery on July 7, 2005 and remained in a wheelchair for four months at SFRC. He then returned to OCI, and Dr. Bhadja refused to provide him with the recommended leg and ankle brace until the middle of 2006, 10 months after he left SFRC. The plaintiff states that without the brace he was not able to walk without substantial difficulty and discomfort. The plaintiff claims that his brace was taken, and Dr. Bhadja has refused to prescribe medical shoes or another brace. The plaintiff seeks monetary damages and other relief.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the

minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

The Eleventh Circuit has provided guidance concerning the distinction between "deliberate indifference" and "mere negligence." For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11 Cir. 1997). Alternatively, "[e]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious

5

medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." McElligott, 182 F.3d at 1255.  For example, a defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. Hill, 40 F.3d at 1190 n. 26; H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086 (11 Cir. 1986) (citing Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11 Cir. 1985)).

Whether a delay in treatment was tolerable "depends on the nature of the medical need and the reason for the delay." Harris v. Coweta County, 21 F.3d 388, 393-94 (11 Cir. 1994); McElligott, 182 F.3d at 1255; see also Adams, 61 F.3d at 1544 ("Some delay . . . may be tolerable depending on the nature of the medical need and the reason for the delay."). For instance, delays of days or even hours in delivering necessary treatment may constitute deliberate indifference in some circumstances. See, e.g., Harris, 21 F.3d at 394; Brown v. Hughes, 894 F.2d 1533, 1538 (11 Cir. 1990). Of course, in these prior cases, the medical condition is so grave, and requires such immediate medical attention, that "[a] few hours' delay in receiving medical care for emergency needs such as broken bones and bleeding cuts may constitute deliberate indifference." Harris, 21 F.3d at 394; see, e.g., Brown, 894 F.2d at 1538 (approximate six-hour delay in medical treatment for "a serious and painful broken foot is sufficient to state a constitutional claim").  "Delayed treatment for injuries that are of a lesser degree . . . may also give rise to constitutional claims." Harris, 21 F.3d at 394.

   1.  Serious Medical Need

For the purpose of this analysis, the Court will assume that

6

the plaintiff's injured leg and ankle constitutes a serious medical need.

### 2. Deliberate Indifference

The plaintiff has sufficiently alleged facts to state a claim that Dr. Bhadja may have acted deliberate indifference. Liberally construed, the plaintiff alleges that Dr. Bhadja was aware that the plaintiff had an urgent need for medical care - he had bone protruding from his leg - yet told staff to keep him in the prison infirmary and not take him to a hospital for emergency care. While Dr. Bhadja was not at the prison at the time, and certainly the medical personnel at the prison may have acted improperly by not taking the plaintiff to a hospital, the fact that Dr. Bhadja, who is the prison's medical director, was personally notified of the plaintiff's traumatic injury yet ordered his subordinates not to take the plaintiff for emergent care suffices to raise an inference that Dr. Bhadja may have acted with deliberate indifference. Further, the claim that Dr. Bhadja ignored the plaintiff's need for medical equipment to be able to walk without pain for 10 months and then refused to replace his confiscated brace and provide medical shoes also raises an inference that he may have acted with deliberate indifference. At this stage of the proceedings, these facts are sufficient to states a constitutional claim for relief.

It is therefore recommended that the claim of denial of medical care proceed against Dr. Bhadja. The plaintiff has not specified whether he intends to sue the defendant in his individual or official capacity. A §1983 suit against the defendant in his official capacity is tantamount to a suit against the State, and thus the defendant would be immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dept. of Health and

Rehabilitative Services, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of an official acting outside the scope of his duties and in an arbitrary manner. Scheuer v. Rhodes, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendant in his individual capacity. Moreover, a determination of whether the defendant might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 6th day of November, 2007.

                                                        *[signature]*
                                        UNITED STATES MAGISTRATE JUDGE

cc:   David J. Bell, Jr., Pro Se
      DC No. 182031
      Okeechobee Correctional Institution
      3420 N.E. 168th Street
      Okeechobee, FL 34972-4824